Note—OA. opinion will be found in 3 Abs. 527.

---

### No. 782

### RHODES v. B. & O. SOUTHWEST RD. CO.

No. 19308. Supreme Court

On motion to certify. Dock. Aug. 5, 1925; 3 Abs. 499.

829. NEGLIGENCE—Is violation of a railroad rule such contributory negligence on part of employe as to warrant jury in diminishing the verdict, where it is claimed the injury is directly due to said violation?

George Rhodes brought his action in the Ross Common Pleas against the Baltimore & Ohio Southwestern Rd. Co., for an injury alleged to have been sustained while in the employ of the company. It was alleged that while bringing a freight train from Cincinnati, he was injured because his engine fell on its side due to a derail on the Company's tracks which had not been removed. It was averred

by Rhodes that he was to receive hand signals from the towerman at the point where said inter-locking plant was located.

The company alleged that the injury was due to Rhodes' own negligence and that he assumed the risk. It was further alleged that Rhodes knew the derail had not been removed and appreciated the danger of moving his train at the time, knew that if he had any signal to come forward it was an error; and yet moved forward without taking any precaution whatever for his safety.

Rule 663 was introduced in evidence: "Trains or engines will not proceed on hand signals as against inter-locking plants until enginemen and train-men are fully informed of the situation and know that they are protected." The jury found that Rhodes was not guilty of contributory negligence and gave a verdict of $10,000 in his favor, and the judgment was affirmed by the Court of Appeals.

In the Supreme Court it is contended by the Company that the admitted violation of Rule 663 without any explanation, entitled it to judgment. This rule provided ample protection and was not only a reasonable one but a necessary one. Rhodes admitted that he did not look for the derail, that he depended upon the hand signal alone. A compliance with this rule would have prevented the injury. "If the employe had suffered an injury brought about by violation of the plain instructions of his principal, he cannot hold his principal liable therefor." Wolsey v. Railroad Co., 33 OS. 227.

It is claimed that since Rhodes assumed he was protected without making an examination and at the same time assumed the risk of violating the rule, he therefore assumed the danger of this derail. The risk was merely an ordinary one, and since there was no defect in the derail he must be held to be aware of it. It is further contended that the violation of the rule contributed to the injury and the verdict is therefore wrong because it was not diminished for contributory negligence, on part of Rhodes.

Attorneys—John P. Phillips, and Minshall & Phillips for Company; J. D. Withgott and W. M. McKenzie for Rhodes; all of Chillicothe.